# Exhibit A

GALLATIN COUNTY DISTRICT COURT
MONTANA 18TH JUDICIAL DISTRICT

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2020 JAN -9 AM 11: 39

| LORI ELLEN PEQUET, | Cause No. DV-20-23B   FILED |
|---|---|
| Plaintiff, | COMPLAINT   BY_____ DEPUTY |
| v, | |
| FEDERAL EXPRESS CORP, now known as FedEx Corporation, DOES 1-25, | Jury Trial Demand<br>Summons |
| Defendants. | |

Comes now the Plaintiff, and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Lori Ellen Pequet, is a resident of Gallatin County Montana.

2. FedEx Corporation is a Delaware entity, and is headquartered in Memphis, Tennessee. FedEx regularly conducts business within Gallatin County, availing itself to Gallatin County jurisdiction. FedEx registered agent can be served at C T Corporation System, 3011 American Way, Missoula, Montana 59808

3. Jurisdiction is proper in this Court.

4. Venue is also proper in Gallatin County.

Page 1 of 7

## BACKGROUND

5. Lori Ellen Pequet (Ms. Pequet) began working for FedEx in 2003 and was continuously employed by FedEx for 16 years. Ms. Pequet was 58 years old at the time of her termination.

6. Ms. Pequet obtained numerous awards, including Employee of the Month and Safe Driving awards. Ms. Pequet was also nominated for the coveted national "Purple Promise Award".

7. By all accounts, Ms. Pequet was in good standing with FedEx and her route customers. She had an exemplary employee performance record until 2016 when Katrina Zupan became Operations Manager at the Bozeman FedEx Express location.

8. In September, 2016, Manager Zupan targeted Ms. Pequet specifically by changing her route without notice.

9. On October 26, 2016, Bozeman FedEx employee Joe Pipes said that someone should put a bullet in Ms. Pequet's head. This prompted Ms. Pequet to contact the Violence Hotline, FedEx's third party reporting agency.

10. Starting in November, 2016, Ms. Pequet suffered retaliation for that Violence Hotline call by Manager Zupan in the form of forced workload changes and began a pattern of unjustified disciplinary write-ups targeting Ms. Pequet.

11. Manager Zupan also was complicit in allowing co-workers to discriminate and retaliate against Ms. Pequet by refusing to discipline other employees under her management for harassing and making discriminatory comments against Ms. Pequet.

12. At least six other employees followed the Managers' lead and engaged in wrongful conduct. Co-workers made discriminatory remarks about Ms. Pequet, making fun of her for being gay.

13. In April 2018, Ms. Pequet met with Senior Manager Tom Manuz about her toxic work environment created by retaliation from co-workers and Manager Zupan. Ms. Pequet was told nothing could be done about it, and that she would have to continue to endure the harassment if she wished to maintain her employment with FedEx.

14. In July, 2018, a new Secondary Operations Manager, Mike Wells, began working at the Bozeman FedEx facility. On August 8, 2018, Ms. Pequet filed a formal complaint against her co-worker, Devin Keller, for harassing her in front of Mike Wells. She also filed an Internal Equal Employment Opportunity (IEEO) report against the same co-worker.

15. On August 30, 2018, immediately after filing her IEEO report, Ms. Pequet was issued a Warning Letter from Manager Mike Wells. This Warning Letter is believed to be in retaliation for her complaints, and did not detail any infraction that warranted such action.

16. On November 20, 2018 Ms. Pequet was suspended from employment based on accusations of kicking and throwing packages. These accusations were made by co-workers who had harassed Ms. Pequet on previous occasions. It is believed that these accusations were made in retaliation for previously filed complaints.

17. On December 10, 2018, Ms. Pequet returned to work from her suspension and was issued a second Warning Letter for something entirely different when reviewed video showed no evidence of kicking or throwing packages.

18. Ms. Pequet's co-workers were outwardly verbal about their discrimination toward Ms. Pequet because of her age. This harassment occurred throughout 2018 and 2019. FedEx failed to address the situation at all, instead punishing Ms. Pequet for utilizing internal procedures put in place specifically to address situations such as hers.

19. The harassment and discrimination Ms. Pequet had to endure while working at FedEx was specifically prohibited in FedEx's own personnel policies.

20. Ms. Pequet was dissuaded from filing IEEO paperwork for fear of further retaliation and harassment.

21. On July 2, 2019, local management told Ms. Pequet that she should receive only minor disciplinary action for a vehicle accident on June 28th but that upper management wanted her terminated instead.

22. On July 9, 2019 Ms. Pequet was issued a third Warning Letter within a one year period and was terminated from FedEx. Had it not been for the two prior unjustified letters, this third would not have led to Ms. Pequet's termination.

23. Ms. Pequet appealed her termination and exhausted the internal FedEx remedies for this discharge.

24. The wrongful conduct alleged herein, includes, but is not limited to discrimination, retaliatory conduct and harassment.

25. Ms. Pequet has suffered, including but not limited to, emotional, physical, social, and financial harm and losses to be proven at trial.

26. Plaintiff reserves the right to amend her pleadings to conform to evidence and or events as they unfold.

## COUNT I
## WRONGFUL DISCHARGE

27. Plaintiff reincorporates all preceding paragraphs and incorporates them herein.

28. FedEx terminated Ms. Pequet for 3 Warning Letters in a 12 month period. These Warning Letters were a result of retaliation, discrimination, and harassment by employees and management for filing complaints, her age, and sexual orientation. FedEx did not meet the high bar for good cause to justify her discharge. FedEx also violated the express provisions of its own written policy.

29. FedEx began disciplining Ms. Pequet without justification in a manner that would eventually lead to her termination.

30. Because FedEx lacked good cause for Ms. Pequet's termination, it is liable for damages in an amount to be proven at trial under Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. §§ 39-2-901, *et seq.*

## COUNT II
## PUNITIVE DAMAGES

33. FedEx is liable for punitive damages because it acted with actual malice when it failed to address the harassment and discrimination that she faced in her employment.

34. FedEx was made aware of the harassment and discrimination faced by Ms. Pequet beginning in 2016.

35. FedEx was aware of the high probability of severe emotional damage to Ms. Pequet and acted with intentional disregard of the high probability of that damage.

36. FedEx acted with indifference to the high probability of injury to Ms. Pequet due to the harassment she received while employed with FedEx.

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays as follows:

- Lost wages, Punitive and or trebling for claims that are entitled, and

- Such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests a trial by Jury.

Dated this, the ___9___ day of January 2020.

By: _____
Lori Ellen Pequet – *Pro Se*
159 D Naomi Rose Lane
Bozeman, MT 59718
406-581-5889